NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000055
24-OCT-2011
08:36 AM

CAAP-11-0000055

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
CRYSTAL LEANN SOTO, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2P110-01396)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Reifurth, JJ.)

Defendant-Appellant Crystal Leann Soto (Crystal) appeals from Judgment entered on January 3, 2011, in the District Court of the Second Circuit (District Court).[1] Crystal was charged with harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) and/or (1)(f) (Supp. 2010).[2] After a

_____

[1] The Honorable Richard A. Priest presided.

[2] HRS § 711-1106 provides in relevant part:

(1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

(a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact;

. . . .

(f) Makes a communication using offensively coarse language that would cause the recipient to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another.

bench trial, the District Court found Crystal guilty as charged. For the reasons discussed below, we vacate Crystal's conviction and remand the case for a new trial.

I.

At the time of the events at issue, the complainant, Chasare Soto (Chasare), was apparently the girlfriend of Nicholas Soto (Nicholas);[3] Crystal was Nicholas's ex-wife; and Chris Orozco (Chris) was Crystal's boyfriend. Nicholas and Crystal had been in a "custody battle" over their two children. The harassment charge arose out of an incident in which Nicholas and Chasare went to Crystal's residence to pick-up the children for a visitation. Nicholas got into a dispute with Crystal over whether Nicholas would be allowed to take the children, in which both Chris and Chasare also became involved.

During the confrontation between Crystal and Chasare, both were holding infants. Chasare testified that Crystal grabbed Chasare's neck and told her to "get the fuck out." According to Chasare, she felt threatened, but also was mad, wanted to fight Crystal, and told Crystal that if Crystal had not been holding an infant, "I'd fuck you up, bitch."

Crystal testified that Chasare ran up the stairs, yelling at Crystal. According to Crystal, as Chasare came running toward her, Crystal put up her left hand and made contact with Chasare's chest to stop Chasare. Crystal did not invite Chasare to enter the house, felt threatened, and believed Chasare wanted to hit Crystal. Crystal did not grab Chasare's neck and felt that it was necessary to put up her hand and make contact with Chasare to defend herself.

In rendering its verdict, the District Court stated, "The defense that is raised to the touching is that of self-defense. <u>The defendant has the burden to establish that and has failed to do that</u>." (Emphasis added).

---

[3] The complaint identifies the complainant as "Chasare Belles," and Chasare testified at trial that she had just gotten married to Nicholas.

II.

On appeal, Crystal argues, as her sole point of error, that her conviction should be reversed because there was insufficient evidence to negate her defense of self-defense or the defense of others. We reject this argument, but conclude that the District Court plainly erred in placing the burden of proving self-defense on Crystal.

Under the Hawaii Penal Code, the justification defense of self-defense or the use of force in self-protection is not an affirmative defense. State v. Lubong, 77 Hawai'i 429, 431, 886 P.2d 766, 768 (App. 1994). Thus, once a defendant puts forth credible evidence to support the defense, it becomes the prosecution's burden to disprove the defense beyond a reasonable doubt. Id.

Here, it was clear that Crystal had put forward sufficient evidence to raise a claim of self-defense. We conclude that the District Court's statement that "[t]he defendant has the burden to establish [self-defense]" demonstrates that the District Court misapplied the burden of proof on this critical issue. Instead of requiring the prosecution to disprove the claim of self-defense beyond a reasonable doubt, the District Court erroneously believed that Crystal had the ultimate burden of proving self-defense.

Plaintiff-Appellee State of Hawai'i (State) concedes that the District Court erroneously stated the burden of proof on self-defense. Nevertheless, it argues that we should affirm Crystal's conviction in light of the reasons given by the District Court for concluding that Crystal had failed to prove self-defense. We disagree.

The correct allocation of the burden of proof on the issue of self-defense was essential to the District Court's proper evaluation of the evidence in this case. We are not persuaded that the District Court's reasons for concluding that Crystal had failed to prove self-defense demonstrates that it would have concluded that the State had disproved the defense

3

beyond a reasonable doubt.  See Raines v. State, 79 Hawai'i 219, 226, 900 P.2d 1286, 1293 (1995) (holding that the failure to provide burden of proof instruction on non-affirmative mitigating defense of extreme emotional disturbance manslaughter constituted plain error); State v. Mitchell, 88 Hawai'i 216, 228, 965 P.2d 149, 161 (App. 1998) (remanding case for a new trial where instruction improperly shifting the burden of proof from the prosecution to the defendant on a material element of the offense).  Therefore, Crystal's conviction cannot stand.

In deciding Crystal's claim that the evidence was insufficient to support her conviction, we must view the evidence in the strongest light for the prosecution.  State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998).  When viewed in that light, we conclude that the State presented substantial evidence to negate Crystal's claim of self-defense.  Accordingly, a retrial is not precluded by the protection against double jeopardy.  See State v. Kalaola, 124 Hawai'i 43, 57, 237 P.3d 1109, 1123 (2010).

III.

Based on the foregoing, we vacate the January 3, 2011, Judgment of the District Court, and we remand the case for a new trial.

DATED:  Honolulu, Hawai'i, October 24, 2011.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Lawrence M. Reifurth*
Associate Judge